# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BILLY HAROLD CRUDUP, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:23-CV-00167 ACL |
| BILL STANGE, et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court are plaintiff's motion to compel discovery and defendant Emily Achter's motion to dismiss plaintiff's amended complaint. *See* ECF Nos. 54 and 52. Also before the Court is plaintiff's motion for appointment of counsel. [ECF No. 51]. For the reasons set forth below, the Court will deny plaintiff's motion to compel discovery and provide plaintiff thirty (30) days to respond to defendant Emily Achter's motion to dismiss his amended complaint. Plaintiff's motion for appointment of counsel will be denied at this time.

## Background

Plaintiff Billy Crudup, a convicted and sentenced state prisoner incarcerated at Potosi Correctional Center (PCC), filed his initial complaint in this action on September 25, 2023. [ECF No. 1]. Plaintiff originally filed this 42 U.S.C. § 1983 action against three correctional officers relating to events at Southeast Correctional Center (SECC), as well as against the Missouri Department of Corrections (MDOC). Plaintiff also brought allegations against Warden Bill Stange, former MDOC Director Anne Precythe, and Assistant MDOC Director Jason Lewis. [ECF No. 1].

On November 20, 2023, the Court reviewed plaintiff's preliminary complaint in this matter pursuant to 28 U.S.C. § 1915. [ECF No. 11]. Because plaintiff had not paid the full filing fee, the

Court granted plaintiff leave to proceed in forma pauperis, assessed an initial partial filing fee and ordered plaintiff to amend his complaint on a Court-provided form. *Id.* Plaintiff submitted an amended complaint on December 6, 2023. [ECF No. 13]. Plaintiff paid the full filing fee in this matter on December 29, 2023. [ECF No. 16]. On June 18, 2024, the Court reviewed plaintiff's amended complaint for frivolousness, maliciousness and failure to state a claim pursuant to 28 U.S.C. § 1915A. [ECF No. 27].

## The Amended Complaint

Because plaintiff's amended complaint lacked a full "Statement of Claim," the Court utilized the "Statement of Claim" within the original complaint as background for reviewing the amended complaint. *See* ECF No. 27. The Court found that pursuant to 42 U.S.C. § 1983, plaintiff was suing three MDOC Correctional Officers in his amended complaint, along with a nurse employed by Centurion. The defendants are Officer Phillip Dobbs; Officer Pierce Yount; Officer Yolanda Farmer; and Nurse Emily Acther. He outlined the amended complaint against defendants in both their individual and official capacities. *See* ECF No. 13.

Taking the original and amended complaint together, plaintiff alleged that he had gotten into an altercation with Officers Dobbs, Yount and Farmer during the morning of October 17, 2022. He stated that the altercation resulted in injuries to his head, hip, back and shoulder. He claimed to have been knocked unconscious and to have been sprayed in the face with mace. After the altercation, he was taken to the H.U.2 Sallyport area and secured on the bench there. At that time, Officer Dobbs' fiancé, Nurse Achter, purportedly walked by the bench while passing out medication and would not assess his injuries despite him asking her to do so. Plaintiff claims that he suffered several medical injuries because of the incident that would have been noticeable to defendant Acther, including head injuries, shoulder injuries, bruising and swelling on his face and

neck, a "busted nose," swelled lip, swollen eyes, loose teeth, difficulty in movement, a back injury, hip injury and blurred vision from having been maced in the face. [ECF No. 13, p. 7]. Nonetheless, plaintiff asserts that Nurse Acther explicitly told plaintiff "No" when he asked for treatment for his injuries, and he asserts that he did not see a doctor or nurse for his injuries for over two weeks.

## Nurse Achter's Motion to Dismiss

Nurse Achter moves to dismiss the claims against her, arguing first that plaintiff's allegations cannot rise to the objective level of deliberate indifference to serious medical needs. [ECF No. 52]. She argues, by citing to the Eighth Circuit case of *Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011), that plaintiff's injuries were not serious enough to have merited emergency medical attention. Additionally, defendant Achter asserts that even if she failed to act at the time plaintiff first sought treatment, that plaintiff's own medical exhibits reflect that he was provided medical care on October 17, 2022, albeit by a different medical provider. Thus, he has not provided facts showing he was harmed by Nurse Achter's failure to provide him medical care. *See, e.g., Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2022) (no Eighth Amendment violation if a prisoner is not actually harmed by the failure to receive medical care) and *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prison must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation).

Nurse Achter also asserts that plaintiff failed to exhaust his administrative remedies with respect to his claims against her, as he did not include those claims in the Institutional Resolution Request, the Offender Grievance or the Offender Grievance Appeal he filed as attachments to his original and amended complaints relative to the events in question. As such, she seeks to dismiss his claims against her due to his failure to exhaust his administrative remedies with respect to his medical claims.

3

Plaintiff will be required to respond to Nurse Achter's motion to dismiss, within thirty (30) days of the date of this Opinion, Memorandum and Order. Plaintiff's request for discovery will be denied without prejudice, as the Court does not provide for discovery prior to the issuance of a Case Management Order. Any requests to produce documents, written interrogatories, inspection, or testimony must be made within the confines of the Case Management Order after it is issued.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. [ECF No. 51]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. Moreover, it is plaintiff's responsibility at this time to provide the Court with addresses or information which would assist in the service of defendants Dobbs and Yount. Furthermore, the

Court is also requiring plaintiff to respond to defendant Achter's motion to dismiss the complaint. After reviewing the briefing on the motion to dismiss, the Court will entertain future motions for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery [ECF No. 54] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff is required to respond to defendant Achter's motion to dismiss, ECF No. 52, within thirty (30) days of the date of this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 51] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's comply with this Order will result in a dismissal of the claims in this action, without prejudice.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 16th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE