UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLY HAROLD CRUDUP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-CV-00167 ACL |
| BILL STANGE, et al., | ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant Emily Achter's motion to dismiss plaintiff's amended complaint. [ECF No. 52]. For the following reasons, defendant's motion will be denied.

**Background**

Plaintiff Billy Crudup is a self-represented litigant who is currently incarcerated at Potosi Correctional Center (PCC) in Mineral Point, Missouri. Plaintiff originally filed this 42 U.S.C. § 1983 action against on September 25, 2023, against three correctional officers relating to events at Southeast Correctional Center (SECC), as well as against the Missouri Department of Corrections (MDOC). [ECF No. 1]. He also brought allegations against Warden Bill Stange, former MDOC Director Anne Precythe, and Assistant MDOC Director Jason Lewis. *See id*.

On November 20, 2023, the Court reviewed plaintiff's preliminary complaint in this matter pursuant to 28 U.S.C. § 1915. [ECF No. 11]. Because plaintiff had not paid the full filing fee, the Court granted plaintiff leave to proceed in forma pauperis, assessed an initial partial filing fee and ordered plaintiff to amend his complaint on a Court-provided form. *Id.* Plaintiff submitted an amended complaint on December 6, 2023. [ECF No. 13]. Plaintiff paid the full filing fee in this matter on December 29, 2023. [ECF No. 16]. On June 18, 2024, the Court reviewed plaintiff's

amended complaint for frivolousness, maliciousness and failure to state a claim pursuant to 28 U.S.C. § 1915A. [ECF No. 27].

Because plaintiff's amended complaint lacked a full "Statement of Claim," the Court utilized the "Statement of Claim" within the original complaint as background for reviewing the amended complaint. *See* ECF No. 27. The Court found that pursuant to 42 U.S.C. § 1983, plaintiff was suing three MDOC Correctional Officers in his amended complaint, along with a nurse employed by Centurion. Again, the events described in the amended complaint related to plaintiff's incarceration at SECC. He filed his amended complaint against defendants Officer Phillip Dobbs; Officer Pierce Yount; Officer Yulaunda Farmer; and Nurse Emily Achter. He outlined the amended complaint against defendants in both their individual and official capacities. *See* ECF No. 13.

Taking the original and amended complaint together, plaintiff alleged that he had gotten into an altercation with Officers Dobbs, Yount and Farmer during the morning of October 17, 2022. He stated that the altercation resulted in injuries to his head, hip, back and shoulder. He claimed to have been knocked unconscious and to have been sprayed in the face with mace. After the altercation, he was taken to the H.U.2 Sallyport area and secured on the bench there. At that time, Officer Dobbs' alleged fiancé, Nurse Achter, purportedly walked by the bench while passing out medication and would not assess his injuries despite him asking her to do so. Plaintiff claims that he suffered several medical injuries because of the incident that would have been noticeable to defendant Achter, including head injuries, shoulder injuries, bruising and swelling on his face and neck, a "busted nose," swelled lip, swollen eyes, loose teeth, difficulty in movement, a back injury, hip injury and blurred vision from having been maced in the face. [ECF No. 13, p. 7]. Nonetheless, plaintiff asserts that Nurse Achter explicitly told plaintiff "No" when he asked for

treatment for his injuries, and he asserts that he did not see a doctor or nurse for his injuries for over two weeks.

## Motion to Dismiss

Nurse Achter moves to dismiss the claims against her, arguing first that plaintiff's allegations cannot rise to the objective level of deliberate indifference to serious medical needs. [ECF No. 52]. She argues, by citing to the Eighth Circuit case of *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011), that plaintiff's injuries were not serious enough to have merited emergency medical attention. Additionally, defendant Achter asserts that even if she failed to act at the time plaintiff first sought treatment, that plaintiff's own medical exhibits reflect that he was provided medical care on October 17, 2022, albeit by a different medical provider. Thus, he has not provided facts showing he was harmed by her failure to provide him medical care. *See, e.g., Robinson v. Hager,* 292 F.3d 560, 564 (8th Cir. 2022) (no Eighth Amendment violation if a prisoner is not actually harmed by the failure to receive medical care) and *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation).

Nurse Achter also asserts that plaintiff failed to exhaust his administrative remedies with respect to his claims against her, as he did not include those claims in the Institutional Resolution Request (IRR), the Offender Grievance or the Offender Grievance Appeal he filed as attachments to his original and amended complaints relative to the events in question. As such, she seeks to dismiss his claims against her due to his failure to exhaust his administrative remedies with respect to his medical claims.

## Legal Standard for a Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to

dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff has presented "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "[I]f the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

**Discussion**

The Court will first address defendant Achter's arguments for dismissal based on plaintiff's alleged failure to exhaust his administrative remedies with respect to his claims against her. As noted above, defendant Achter asserts that because plaintiff's IRR allegedly failed to mention his

claims against her, he cannot sue defendant Achter for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action under 42 U.S.C. § 1983 without first exhausting available administrative remedies. *See* 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006).

Exhaustion, however, is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Minter v. Bartruff*, 939 F.3d 925, 928 (8th Cir. 2019) ("Failure to exhaust is an affirmative defense under the PLRA; inmates are not required to specially plead or demonstrate exhaustion in their complaints"); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005) ("The PLRA's exhaustion requirement is not a heightened pleading requirement…This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove").

Despite defendant's assertions in the motion to dismiss, plaintiff indicates in his response brief that he filed an IRR against defendant Achter. And at this stage of the proceedings, the Court must accept plaintiff's assertions as true. Accordingly, the Court must deny defendant's motion to dismiss plaintiff's amended complaint based on failure to exhaust.

The Court will turn to defendant's next argument for dismissal. Defendant Achter argues that the claims against her should be dismissed because the claims fail to establish deliberate

indifference to plaintiff's serious medical needs. She argues that plaintiff's injuries were not serious enough to have merited emergency medical attention; thus she cannot be held liable for failing to allegedly provide him with medical care.

The Eighth Amendment protects inmates against the infliction of "cruel and unusual punishments." U.S. Const. amend. XIII. It has been interpreted as requiring that prisoners be given humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim has both an objective and a subjective component. *See Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).

Regarding the objective component, there must be "a substantial risk of serious harm" to the inmate. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). If a plaintiff fails "to plausibly allege a substantial risk of harm," he or she "fails to state a claim," and "there is no need to consider the subjective issue of [the defendant's] deliberate indifference." *Vandevender v. Sass*, 970 F.3d 972, 976 (8th Cir. 2020). As to the subjective component, plaintiff must demonstrate that the prison official was deliberately indifferent, which "in this context means [an] actual intent that the inmate be harmed, or knowledge that harm will result, or reckless disregard of a known excessive risk to inmate health and safety." *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997). "Deliberate indifference under the Eighth Amendment is the equivalent of criminal recklessness: the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hodges v. Department of Corrections*, 61 F.4th 588, 592 (8th Cir. 2023). *See also Axelson v. Watson*, 999 F.3d 541, 546 (8th Cir. 2021) (explaining that deliberate indifference "means that prison officials subjectively knew of and disregarded the inmate's safety risk").

 In the amended complaint, plaintiff alleges that after the events of October 17, 2022, he had head injuries, shoulder injuries, bruising and swelling on his face and neck, a busted (possibly

broken) nose, a swollen lip, swollen eyes, loose teeth, difficulty moving, a back injury and hip injury. He also claims that he had been maced in the face, although it is unclear if he was allowed to wash his eyes out or not. Taken together, plaintiff has alleged enough in his complaint and first amended complaint to show that he was suffering an objectively serious medical need such that when he asked defendant Achter for medical care she could have known plaintiff was suffering from serious harm at that time.

As to whether plaintiff was provided medical care by a separate medical provider other than defendant Achter on October 17, 2022, and whether such medical care was sufficient to excuse defendant Achter from her alleged duty, these are fact questions which are inappropriate for a motion to dismiss. As such, the Court must deny defendant Achter's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Emily Achter's motion to dismiss plaintiff's amended complaint [ECF No. 52] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw and resubmit his response to the motion to dismiss [ECF No. 62] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 31st day of October, 2024.

*[signature]*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE