UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BILLY HAROLD CRUDUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-CV-167-ACL |
| | ) | |
| BILL STANGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on numerous *pro se* motions filed by Plaintiff Billy Harold Crudup who filed a Complaint against Defendants Yulaunda Farmer and Emily Achter alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Crudup was previously incarcerated at Potosi Correctional Center ("PCC") in Mineral Point, Missouri; and is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. His claims relate to events that occurred while he was incarcerated at Southeast Correctional Center ("SECC") in Charleston, Missouri.

Crudup has filed excessive and redundant pleadings after having been provided with the following guidance and warning:

> Crudup must familiarize himself with the Federal Rules of Civil Procedure as well as this Court's local rules and work collegially with defense counsel. After filing a motion with the Court, Crudup must allow Defendants an opportunity to respond, and then allow the Court time to rule on the motion prior to filing an additional motion. **Attempts to circumvent the discovery process by filing frequent motions to compel without following these rules may result in sanctions including, but not limited to, attorney's fees associated with an inappropriate motion to compel.**

1

(Doc. 105 at 23.)

Presently pending are the following:

- a Motion for the appointment of counsel (Doc. 120);
- two Motions to Compel the production of video footage (Docs. 115, 125);
- Motions to Compel **1)** Defendant Farmer to follow the Court's Prior Order, Doc. 105 (Doc. 117), **2)** Defendant Achter to provide "the MARS from 10/17/22" (Doc. 127), **3)** Defendants Farmer and Achter to produce medical documents (Doc. 128);
- a request for submissions to be made on Plaintiff's behalf by third parties (Doc. 118);
- a Motion for subpoenas of six witnesses with permission to keep the identities of the witnesses confidential (Doc. 129);
- a Motion to subpoena Centurion to Release Medical records (Doc. 108);
- pleadings requesting copies of documents from the Clerk's Office and claiming the Clerk's Office is refusing to make copies of documents (Docs. 130 and 133);
- Motion stating opposition to participation in a deposition after receiving notice from Defendant Farmer (Doc. 135), as well as non-consent to release of medical insurance or bank statement records that are protected by HIPAA (Doc. 109);
- Motions to compel Defendant Farmer to respond to requests for Admissions (Docs. 124, 126); and
- multiple pleadings entitled "Statements of Genuine Disputed Issues of Material Facts   Which Warrant Trial (Docs. 112, 131, 132, 134).

These nineteen pleadings were filed between April 29, 2025, and June 11, 2025, demonstrating that Plaintiff has access to the necessary materials to represent himself.   These excessive filings also show that Plaintiff is not following the Federal Rules of Civil Procedure nor cooperating with opposing counsel in the discovery process.

On June 17, 2025, Defendant Achter filed a response in opposition to Plaintiff's Motions to Compel Discovery and a request that a post-script in Plaintiff's "Notice to Judge" (Doc. 133) be stricken.   More particularly, Defendant Achter asserts that "not only did Defendant [Achter] send Plaintiff the requested records, but also specified on which pages Plaintiff could find the

desired information." (Doc. 137 at 2.)  Additionally, Defendant Achter explained that Defendant Achter never received Plaintiff's requests for admission and thus "had not opportunity to respond." *Id*. at 4.  Furthermore, Defendant Achter provided "all medical records in [her] possession." *Id*.  Defendant Achter concluded the response in opposition with the following statement:

> Not only has Plaintiff attempted to deceive the Court regarding his receipt of medical records from Defendant, misrepresented what discovery requests he has served on Defendant, misstated Defendant's responses to discovery requests, and attempted to convince this Court to conceal witnesses from Defendant, but he has also begun threatening counsel and the Clerk of Court.

(Doc. 137 at 7.)

On June 24, 2025, Defendant Farmer filed a response in opposition to Plaintiff's recent filings, as well as a request for sanctions against Plaintiff.  (Doc. 138.)  Defendant Farmer states that she timely responded to Plaintiff's request for admissions at issue in one of his motions to compel (Doc. 124).  Like Defendant Achter, Defendant Farmer argues that Plaintiff has failed to confer in good faith with Defendant prior to filing his motions to compel.  Defendant Farmer addresses the substance of Plaintiff's other pending motions and requests that they be denied.  Additionally, Defendant Farmer indicates that Plaintiff has written letters to the Court and to Defendant in which he threatens or attempts to intimidate Defendant and her counsel.  Defendant Farmer requests that the Court strike from the record Plaintiff's unfounded claims against Defendant Farmer and her counsel and issue sanctions against Plaintiff for his purposefully harassing and threatening behaviors.

On June 25, 2025, Defendant Achter filed a Motion to Join Co-Defendant Farmer's response in opposition to Plaintiff's recent filings and her request for sanctions.  (Doc. 139.)

3

That request was granted by docket text order.

## Discussion

Plaintiff initially named six correctional officers at SECC and the Missouri Department of Corrections ("MODOC") as Defendants in this action.  (Doc. 1.)   He filed an amended Complaint, in which he sues correctional officer Dobbs, Yount, and Farmer; and Nurse Achter. (Doc. 13.)   The claims that remain pending include Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendants Farmer, Yount and Dobbs; claims for failure to intervene in violation of the Eighth Amendment against Defendants Farmer and Yount; and claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Defendant Achter.   (Doc. 27.)

On October 4, 2024, the Court dismissed Defendants Dobbs and Yount from this action without prejudice due to Plaintiff's failure to timely provide information such that these Defendants could be served.   (Doc. 63.)

The Court denied Defendant Achter's Motion to Dismiss on October 31, 2024, finding Crudup had exhausted his administrative remedies and alleged sufficient facts to state a claim that Achter was deliberately indifferent to his serious medical needs.   (Doc. 64.)

The undersigned will briefly discuss the numerous pending motions in turn.

### A.  Motion to Appoint Counsel (Doc. 120)

Crudup once again requests that the Court appoint counsel to represent him in this matter. In support of his request, he alleges that he does not have access to stamps, envelopes, pens, and his legal work.   He suggests that he will "keep up with this case by selling my personal med trays, if I can find a buyer, and ask the Courts to give me extra time to respond to Court

4

orders…" (Doc. 120 at 4.)   Plaintiff is advised that he must take his medications as prescribed; and he must NOT sell his medications to other inmates.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.   *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).   *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").   Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."   *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).   When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.   *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.   Based on the voluminous filings submitted by Plaintiff over the course of the past two months, he has considerable access to stamps, envelopes, pens, and his legal work.   Plaintiff has demonstrated, at this point, that he can present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Thus, Crudup's Motion for Appointment of Counsel (Doc. 120) is denied.

### B.  Motions Regarding Service of Prior Defendants (Doc. 110, 122)

As previously noted, the Court dismissed Defendants Dobbs and Yount without prejudice due to Plaintiff's failure to provide addresses so that service could be effectuated.   In

5

its April 14, 2025 Memorandum and Order, the Court directed Defendant Achter to provide Defendant Dobbs' address to the Court under seal and ex parte immediately, if she has such information.  (Doc. 105 at 9.)   Defendant Achter has represented to the Court that she does not have Dobbs' current address and has no ability to obtain a current or last known address for Dobbs.   (Doc. 137-1 at 2.)

On June 9, 2025, Plaintiff filed a letter to the Clerk of Court, in which he provides the address of Defendant Dobbs at which he believes he can be served.   (Doc. 122.)    Specifically, Plaintiff asserts that the Phillip Dobbs identified in his Amended Complaint as Mark T. Dobbs is a "sheriff at Butler County Jail" and can be found at the following address:   200 Philip Kearbey Blvd., Poplar Bluff, MO, 63901.   Based on public records, Mark T. Dobbs has been the Butler County Sheriff for more than twenty years and has not been employed at the Southeast Correctional Center where the Plaintiff's claims allegedly occurred.   As such, there is no basis for the Butler County Sheriff to be served based on his name being similar to a Defendant named by Plaintiff.

Plaintiff has also filed a Motion to Serve Process on Prior Defendant Pierce Yount. (Doc. 110).   Plaintiff states that Yount is a defendant in another case before this Court and is being represented by the Missouri Attorney General's office.   Based on Plaintiff's representation that the Attorney General's office is representing Yount in another matter before the Court, Defendant Farmer is directed to provide Defendant Yount's address to the Court under seal and ex parte immediately, if she has such information.

### C. Motions for Confidential Subpoenas (Doc. 129) and to subpoena Centurion medical records (Doc. 108)

The Court has discretion whether to grant or deny subpoenas for indigent parties. *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993). "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009). Courts generally "consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Id.* The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable. *Id.* A subpoena imposes an undue burden on a non-party when the same information is available but not first sought from a party. *In re Cantrell v. U.S. Bioservices Corp.*, 09-MC-0158-CV-W-GAF, 2009 WL 1066011, at *2 (W.D. Mo. Apr. 21, 2009).

Crudup has filed a request for the issuance of six confidential subpoenas. The discovery process in a civil matter is not secret. If there are witnesses with relevant information to this lawsuit, Plaintiff is instructed to identify those witnesses. The parties may then determine whether depositions of the witnesses are necessary before trial.

Additionally, discovery must be proportional to the needs of the case. This Court has already found that the medical records have been provided to Plaintiff.

The Court will deny Crudup's request for six confidential subpoenas (Doc. 129) and subpoena for medical records from Centurion (Doc. 108).

### D.  Motions to Compel (Docs. 115, 117, 124-128)

Crudup has filed seven new motions to compel.  Although discussed in the Court's prior Order, the applicable law will be set out once again.

Federal Rule of Civil Procedure (FRCP) 37(a) permits parties to move for an order compelling discovery.  The Rule requires that any motion requesting such relief "include[s] a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a).  It also lays out four circumstances where a motion compelling discovery may be sought: first, where a deponent fails to answer a question asked under FRCP 30 or 31; second, where a corporation or other entity fails to make a designation under FRCP 30(b)(6) or 31(a)(4); third, where a party fails to answer an interrogatory under FRCP 33; or fourth, where "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).  Evasive or incomplete answers or responses qualify as failures to answer or respond for purposes of a motion compelling discovery.  Fed. R. Civ. P. 37(a)(4).

Eastern District of Missouri Local Rule 3.04(A) further emphasizes that Rule 37's requirement of attempt at a good-faith conference is not hollow, providing that the "Court will not consider any motion relating to discovery ... unless it contains a statement" that the movant conferred or attempted to confer in good faith with opposing counsel.  *See Johnson v. Doyle*, No. 4:07-cv-1843-AGF, 2008 WL 2397380, at *1 (E.D. Mo. June 9, 2008) (requiring plaintiff to provide court with evidence of compliance with L.R. 3.04(A) in denying his motion to compel).  While the Court recognizes Crudup is proceeding pro se, pro se litigants must comply with

8

procedural rules just the same as an attorney.  *See Clemons v. Lombardi*, No. 4:13-cv-458-CDP, 2014 WL 409107, at *1 (E.D. Mo. Feb. 3, 2014) (citing *Faretta v. California*, 422 U.S. 806, 834-35, 834 n.46 (1975)); *Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) ("Pro se litigants are not excused from complying with court orders or substantive and procedural laws.").

The record reflects that Crudup has failed to confer with opposing counsel in good faith nor has he allowed sufficient time for the opposing party to respond.   The Court will address Crudup's motions in turn.

### 1. Video Footage (Docs. 115 and 125)

The Court previously found that Defendant Farmer adequately responded to Crudup's request to produce video footage of the incident, further noting that the Court cannot compel Defendant to produce footage that does not exist.   Crudup now claims that the video footage has been altered and that he has not had adequate time to review it.   No information has been submitted to the Court to support the video footage has been manipulated.

Defendant Farmer responds that Plaintiff never requested to view the footage again and instead filed the instant motion.   She states that she would allow Farmer to review the footage once more if Plaintiff properly makes this request.   Defendant Farmer states that she vehemently denies that she or her counsel altered or edited the video in bad faith.

Thus, Crudup's Motions related to production of video footage is once again denied

### 2. Use of Force and OPS reports regarding October 17, 2022 (Doc. 117)

Plaintiff reasserts his claim that Defendants have not provided "any report regarding a

use of force incident on 10-17-22."  As previously stated, reports regarding the incident that were generated by Defendants is relevant to Crudup's claims and could identify witnesses.  If Defendant believes such a report contains protected information, Defendant should identify the nature of the information and explain why its concerns cannot be addressed by redaction or by allowing Crudup to access the report without receiving a copy.

Crudup further requests all reports made by the Office of Professional Standards (OPS) regarding the October 17, 2022 incident, as well as incidents involving the plaintiff "and all current and prior Defendants."  (Doc. 117 at 1.)  He believes any such reports "may coax a jury to rule in [his] favor."  *Id*. at 4.

In response to the Court's Order, Defendant Farmer responded that Defendants would "provide Plaintiff with the use of force report generated by MDOC with appropriate redactions" in a controlled environment so that Crudup would have the opportunity to "review the report and take notes."  (Doc. 111 at 2.)  Defendant Farmer adds that the OPS "does not address Defendant Farmer's actions in the incident nor does it speak on any investigation into Defendant Farmer."  *Id*. at 3.  She notes that "providing Plaintiff with internal, confidential, protected reports" contain privileged information and requests that the Court deny Plaintiff's request "to compel protected work-product reports from the [OPS]."  *Id*. at 3-4.

Rather than provide the relevant use of force reports directly to Plaintiff, Defendant Farmer is instructed to submit any such reports to the Court for *in camera* review so the Court may determine how to make them available to Plaintiff.

Thus, Crudup's motion will be granted in part as to use of force reports.  Insofar as Crudup's requests seek information that is protected work-product, confidential, or would

10

endanger institutional security, Defendant's objection is sustained, and Plaintiff's requests for OPS reports are denied.

### 3. Medical Records (Docs. 127, 128)

This is the second time Crudup has sought the Medication Administration Record ("MAR") for October 17, 2022.  (Doc. 127.)   He also requests medical records from Defendants Farmer and Achter regarding "treatment for injuries…obtained on 10/17/22."  (Doc. 128 at 1.)   Although Crudup states that the Defendants have not yet produced the medical records, he offers an extensive list of "existing documents" dated between October 25, 2022 and November 28, 2023.  *Id.* at 2-4.   The Court observes that many of the documents appear to be related to treatment of issues unrelated to the instant Complaint.

Previously, the Court granted Crudup's motion in part, instructing that Defendant's confidentiality concerns could be addressed by redacting the names and medical information of other offenders and providing only the name of nurses passing out medication in Housing Unit 2 in the morning and afternoon of October 17, 2022.   Defendant Achter and Defendant Farmer both indicate that this information was provided to Crudup.   *See* Doc. 137 at 4; Doc. 138 at 7.

Accordingly, Crudup's Motions to Compel Production of medical records (Docs. 127, 128) will be denied.

### 4. Motions related to filings (Docs. 118, 130, 133)

Plaintiff requests that third parties be permitted to submit documents to the Court on his behalf.  (Doc. 118.)   This request is denied without comment.

Plaintiff further requests copies of documents from the Clerk's Office and claims that the Clerk's Office is refusing to make copies of documents (Docs. 130 and 133).   The Clerk's

11

Office is not obligated to provide copies of the pleadings filed in his case. Rather, Plaintiff is responsible for submitting his own copies to be file stamped and returned to him, or he may pay for copies of the documents requested. These Motions are denied.

**5. Plaintiff's opposition to participation in a deposition (Doc. 135)**

As stated repeatedly, Plaintiff has an obligation to participate in the discovery process which includes his participation in a deposition. In consideration of Plaintiff's lack of cooperation, the Court finds that a video deposition is preferred so there is a clear record of his level of cooperation. This motion will be granted in part and denied in part.

**6. Motions to compel Defendant Farmer to respond to requests for Admissions (Docs. 124, 126)**

Defendant Farmer states that she timely responded to Plaintiff's requests for admissions received on May 5, 2025, and May 9, 2025, and has attached those responses. (Doc. 138 at 2; Doc. 138-1 at 125-35.) Plaintiff's claim that Defendant Farmer has not responded to requests for admissions is therefore refuted by the record, and his motion to compel (Doc. 124) is denied.

Plaintiff filed a motion to compel regarding a third request for admissions on June 9, 2025. (Doc. 126.) Defendant Farmer states that she never received this request. She further argues that this request for admissions is duplicative of the previous two requests for admissions that Defendant has answered. Defendant Farmer requests that the Court sanction Plaintiff or limit his discovery requests based on his abusive tactics.

The Court agrees that Plaintiff's third request for admissions (Doc. 126) is duplicative of his first two requests for admissions that Defendant has already answered. Thus, his motion will be denied. Plaintiff is further cautioned not to file duplicative discovery requests.

7. **Pleadings entitled "Statements of Genuine Disputed Issues of Material Facts Which Warrant Trial" (Docs. 112, 131, 132, 134).**

The deadline for summary judgment and other dispositive motions is not until October 23, 2025. Plaintiff's statements regarding fact issues that he disputes are premature. As such, these statements will be stricken from the record.

**Plaintiff's Letters to the Court and Counsel**

Defendant Farmer has described and attached numerous letters Plaintiff has written to the Court in which he makes groundless accusations against Defendant Farmer's counsel, Assistant Attorney General Juliana Bartoli. (Docs. 130-1, 133, 135.) Plaintiff accuses Ms. Bartoli of misconduct such as stealing his mail and tampering with video evidence. Defendant Farmer characterizes a recent filing as an attempt to threaten or intimidate Ms. Bartoli, as he states he "does not trust himself" around Ms. Bartoli. (Doc. 135.) Additionally, Defendant Farmer has attached letters sent to Ms. Bartoli, which she argues have become "increasingly more hostile." (Doc. 138 at 10.) Defendant argues that these letters demonstrate Plaintiff's willful abuse of the judicial system. She requests that the Court strike from the record the unfounded claims against Defendant Farmer and her counsel and issue sanctions against Plaintiff for his harassing and threatening behaviors by either dismissing his claims, limiting his filings, or in another way the Court deems just and proper.

After reviewing the letters cited and provided by Defendant Farmer, the Court agrees that they contain baseless accusations against Defendant Farmer and her counsel and will be stricken from the record. Although Plaintiff does not directly threaten any individual, the Court agrees that Plaintiff's letters are designed to harass Defendant and her counsel and are an inappropriate abuse of the judicial system. If Plaintiff files any more such documents, he is subject to

13

sanctions, including dismissal of his Complaint.

**Instructions to Plaintiff Requiring his Participation and Cooperation in Discovery**

As previously instructed, Plaintiff must comply with the Federal and Local Rules, even though he is a pro se litigant. *See Am. Inmate Paralegal Assoc.*, 859 F.2d at 61. While Local Rule 3.04(A) requires that conferences be conducted "in person or by telephone," if Plaintiff is unable to do so due to his incarceration, "he can write to [defense counsel] to attempt to resolve the disputes, and must do so prior to filing a motion to compel." *Johnson*, 2008 WL 2397380, at *1. Of note, under FRCP 26(b)(1), a party may only obtain discovery regarding any nonprivileged matter that is relevant to a party's claim or defense ***and is proportional to the needs of the case*** (emphasis added). Plaintiff must allow time for the opposing party and the Court to respond to any motions filed.

Furthermore, Plaintiff must follow the Federal Rules of Civil Procedure as well as this Court's local rules and work professionally with defense counsel. The Court emphasizes that after filing a motion with the Court, Plaintiff must allow Defendants an opportunity to respond, and then allow the Court time to rule on the motion prior to filing an additional motion.

If Plaintiff does not allow time for responses as described above, any further redundant filings regarding the issues discussed above will not be considered by the Court rather they will be stricken from the record. Plaintiff is further instructed not to serve any duplicative discovery requests on Defendants.

Plaintiff is encouraged to cooperate with opposing counsel in the discovery process. He is also responsible for reviewing the discovery materials when he is given access to them. Should Plaintiff refuse to review the materials when authorities at ERDCC provide him access to

the materials, he risks dismissal of his Complaint for failure to prosecute by failing to engage in the discovery process.

Finally, Plaintiff is cautioned that the Court will not tolerate any abusive pleadings or letters that seek to intimidate any party or attorney. **<u>If Plaintiff files any such pleading, he is subject to sanctions, including but not limited to, attorney's fees associated with an inappropriate motions and the dismissal of his claims</u>**.

**To ensure that Plaintiff begins working with opposing counsel to complete discovery by the present deadline of October 23, 2025, counsel for Defendants will be instructed to provide a written report regarding the status of discovery.**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions (Docs. 106, 108, 109, 115, 118, 120, 124, 125, 126, 127, 128, 129, 130) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's filings (Document Number 112, 130-1, 131, 132, 133, 134, 135) are hereby **stricken from the record**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to serve process (Doc. 110) is **granted in part** in that Defendant Farmer is directed to provide Defendant Yount's address to the Court under seal and ex parte immediately, if she has such information.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (Doc. 117) is **granted in part** in that Defendant Farmer is directed to submit the relevant use of force reports to the Court for *in camera* review **<u>no later than July 11, 2025</u>**.

**IT IS FURTHER ORDERED** that Plaintiff's motion requesting a video deposition (Doc. 135) is **granted in part** in that Plaintiff's deposition should be conducted by video.

**IT IS FURTHER ORDERED** that Defendants must submit a written status report regarding the progress that has been made relative to discovery, including depositions, with a statement regarding Plaintiff's cooperation or lack thereof in accordance with the expectations associated with courteous and effective professionals **not later than August 15, 2025**.

Dated this 1st day of July, 2025.

                                            /s/*Abbie Crites-Leoni*
                                        ABBIE CRITES-LEONI
                                        UNITED STATES MAGISTRATE JUDGE